UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUELINE STEINMETZ<br><br>Plaintiff(s),<br><br>v.<br><br>LEXISNEXIS; E-MERGES.COM; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC;<br><br>Defendant(s). | Case No. 2:19-cv-00070-RFB-DJA<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court are Defendant Experian Information Solutions, Inc ("Experian") Motion for Sanctions and Plaintiff Jacqueline Steinmetz's ("Plaintiff") Motion to Dismiss. ECF Nos. 26, 29. For the following reasons, the Court denies Experian's motion and grants Plaintiff's motion.

### II.   PROCEDURAL BACKGROUND

Plaintiff brought this action against all defendants on January 10, 2019. ECF No. 1. The complaint brought claims for violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681 – 1681x) and Nevada state consumer laws against all Defendants. Id. On February 22, 2019, Plaintiff dismissed the case against Equifax Information Services, LLC. ECF No. 15. Defendants LexisNexis and Experian Information Solutions answered the complaint on February 25, 2019. ECF Nos. 16, 17. On March 13, 2019, Plaintiff voluntarily dismissed its claims against Defendant E-Merges.com. On August 27, 2019, the Court granted Plaintiff's stipulation of dismissal against Defendant LexisNexis with prejudice. ECF No.44. Defendant brought the instant motion for

///

sanctions on April 17, 2019. A response and reply were filed. ECF Nos. 30, 31. Plaintiff brought her motion for dismissal on May 3, 2019. A response was filed. ECF No. 32.

### III.   LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure allows a court to impose sanctions against a party or attorney that presents a pleading or written motion that is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions shall be assessed if, under an objective standard, "the paper filed in district court and signed by an attorney . . . is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in bad faith." Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537-38 (9th Cir. 1986) (internal quotation marks omitted). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers . . . thereby avoiding delay and unnecessary expense in litigation." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002).

The Ninth Circuit has held that "[w]hen, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). The Ninth Circuit considers the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." Id. (quoting Moore v. Keegan Mgmt. Co, 78 F.3d 431, 434 (9th Cir.1996)).

### IV.   DISCUSSION

Plaintiff is a consumer who alleged in her complaint that Defendant LexisNexis included erroneous information on consumer reports about her, including an incorrect date of birth. Plaintiff alleges that the other defendants, including Defendant Experian Information Solutions, Inc , were

1 furnishers of the incorrect information. Plaintiff pled that LexisNexis did timely notify the other
2 defendants, including Experian of the dispute, but pled in the alternative that LexisNexis had not
3 timely notified Defendants, including Experian of the dispute. Plaintiff then alleged that all
4 defendants including Experian, were required to conduct an investigation and reinvestigation on
5 the inaccurate information pursuant to 15 U.S.C. §§1681i and 1681s-2(b) and Section 598C.160
6 of the Nevada Revised Statutes ("NRS").

7 Defendant Experian argues in its motion for sanctions that Plaintiff brought a claim against
8 Experian under Section 1681s-2(b) despite knowing Experian is a consumer reporting agency
9 rather than a furnisher of credit information. Experian argues that Plaintiff did this in a bid to
10 extract information from Experian during discovery in order to help prosecute her case against
11 LexisNexis. Specifically, Plaintiff wanted to procure a "secret" declaration from Experian and
12 bypass the notice and opportunity process she would have had to employ if Experian was merely
13 a third party in the discovery process. Experian states that Plaintiff's counsel offered to settle the
14 case in exchange for a declaration from Experian that it had never received a dispute letter from
15 LexisNexis.  Experian argues that Plaintiff therefore brought a claim she knew was frivolous in
16 order to exploit the discovery process.

17 Experian further argues that Plaintiff's claim was factually and legal baseless. Experian
18 argues that the claim was factually baseless because Plaintiff had no factual basis to allege that
19 LexisNexis had communicated Plaintiff's dispute to Experian as it was required to by law.
20 Experian specifically cites to Plaintiff's pleading of facts in the alternative regarding whether
21 Experian did or did not receive Plaintiff's dispute letter. Because only the set of facts in which
22 Experian actually received the dispute letter would have triggered its obligations under the Fair
23 Credit Reporting Act ("FCRA"), Experian argues that Plaintiff should have known that its claim
24 was without any factual basis. Experian argues the claim is legally baseless because Experian is
25 not a furnisher under the FCRA and a date of birth is not credit information for purposes of the
26 FCRA.

27 Plaintiff argues in opposition that simply because the facts of the case did not support
28 Plaintiff's position does not mean that its actions are sanctionable. Plaintiff refutes Experian's

1    claim that she brought meritless claims against Experian for purposes of securing information via
2    discovery by noting that it settled with Defendant LexisNexis before Experian informed Plaintiff
3    that it had not received notice of Plaintiff's dispute. Plaintiff's counsel maintains that although
4    entitled to rely on the statutory presumption that a consumer reporting agency will promptly inform
5    furnishers of a dispute, Plaintiff's counsel will routinely contact furnishers shortly after litigation
6    to inquire whether or not they received notice from the consumer reporting agency of the dispute.
7    Plaintiff argues that her counsel made the same inquiry with Defendant Equifax, that Equifax
8    agreed to sign a declaration so stated, and then Plaintiff voluntarily dismissed Equifax from the
9    case. Plaintiff explains that when it contacted Experian to do the same, Experian refused and filed
10   an answer to the complaint rather than moving to dismiss the claims. Experian then sent Plaintiff
11   a Rule 11 letter pursuant to Rule 11(c)(2) on March 22, 2019. Fed. R. Civ. P. 11(c)(2)(setting 21-
12   day safe harbor provision for party to correct any alleged defect prior to filing the motion for
13   sanctions in court). Plaintiff filed a notice of settlement with LexisNexis on March 26, 2019.
14   Experian nevertheless filed its Rule 11 motion on April 17, 2019, despite the fact that Plaintiff had
15   settled with LexisNexis. Experian also returned limited discovery responses on April 22, 2019 in
16   which it acknowledged that it had received no notice of the dispute between LexisNexis and
17   Plaintiff. Plaintiff's counsel asked Experian if it would be willing to stipulate to voluntarily dismiss
18   the case, however Experian refused to withdraw the motion for sanctions, causing Plaintiff to file
19   its now pending motion for dismissal.

20         Experian argues in response that Plaintiff's counsel regularly employs this practice of
21   naming defendants in lawsuits on meritless claims in order to avoid having to subpoena those same
22   defendants for information it needs to litigate claims against co-defendants with whom it has a
23   viable cause of action. Defendant argues that the declaration that Plaintiff received from Equifax
24   is just another example of what Experian argues is a costly and unfair process.

25         The Court denies Experian's motion for sanctions. The Court does not find that Plaintiff's
26   claims were so frivolous as to warrant sanctions, and further finds that Experian's argument as to
27   Plaintiff's motivation for naming it as a party is speculative at best. While the Court agrees with
28   Experian that Plaintiff's pleading of facts in the alternative, including one set of facts in which

1    Plaintiff would be entitled to recovery and another in which it would not may appear strategic, the
2    Court does not find that Plaintiff's alternative pleading, which is permissible under the Federal
3    Rules, supports the imposition of sanctions.
4          The Court also disagrees with Experian's assertion that Plaintiff (or rather Plaintiff's
5    counsel) should have known that Experian is not a furnisher within the meaning of the FCRA.
6    While the term "furnisher" is not explicitly defined in the FCRA, the Ninth Circuit has defined the
7    term to mean "sources that provide credit information to CRAs." Gorman v. Wolpoff & Abramson,
8    LLP, 584 F.3d 1147, 1153 – 54 (9th Cir. 2009). Plaintiff alleges in her complaint that the source
9    of the incorrect birth date was Experian. Experian argues that a birth date is not "credit
10   information" for purposes of the FCRA. But this not a clearly resolved question in the Ninth
11   Circuit. The FCRA defines a consumer report as "communication of any information by a
12   consumer reporting agency" that bears on a consumer's "credit worthiness, credit standing, credit
13   capacity, character, general reputation, personal characteristic, or mode of living" that is used or
14   expected to be used in establishing the consumer's eligibility for "credit or insurance to be used
15   primarily for personal, family or household purposes," or "employment purposes." 15 U.S.C. §
16   1681a(1).  Under this definition, it is not inconceivable that information like one's birthdate could
17   be relevant for determining eligibility for certain consumer credit products. Some loan products,
18   such as reverse mortgages for example, have age requirements, and companies offering such
19   products may use information from a consumer reporting agency, including age and other credit
20   information, to screen for potential clients to whom their products might be sold. 15 U.S.C.
21   §1681b(c) (permitting consumer reporting agencies to furnish consumer reports to third parties for
22   the purpose of offering credit or insurance). The Ninth Circuit has never ruled on this question.
23         There is also no caselaw in the Ninth Circuit that explicitly precludes an entity from being
24   both a consumer reporting agency and a furnisher of information. The Ninth Circuit cases Experian
25   cites in which the Court of Appeals identifies Experian as a well-recognized consumer reporting
26   agency are unhelpful because none of those cases state that Experian could not also be a furnisher
27   of credit information in other circumstances. The dearth of binding caselaw on either of these
28   questions prevents the Court from concluding that Plaintiff's claim was so thoroughly without

factual and legal merit as to warrant Rule 11 sanctions. Kohler v. Bed Bath & Beyond of Cal., 780 F.3d 1260, 1267 (noting that claims that raise questions not clearly answered by precedent are generally not frivolous because "[t]he law grows with clarity for benefit of the public through such actions even if they are not successful.").

Plaintiff also moves to dismiss Experian, which Experian indicates it does not oppose. The Court therefore grants Plaintiff's motion to dismiss Experian with prejudice and closes the case.

## V.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Experian Information Solutions, Inc's Motion for Sanctions (ECF No. 26) is DENIED .

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss is GRANTED. Defendant Experian Information, Solutions Inc is dismissed from this case with prejudice. Each party shall bear its own costs.

The Clerk of the Court is instructed to close this case.

DATED: May 5, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**